589 So.2d 307 (1990)
Randy Leon GHOLSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02826.
District Court of Appeal of Florida, First District.
December 17, 1990.
On Motion for Rehearing or Certification November 26, 1991.
Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentence for six felonies. Appellant raises several issues. However, we need only discuss his contention that the trial court misapprehended the habitual felony offender statute.
Under Counts I and II, appellant was convicted of two counts of sexual battery while armed with a deadly weapon, which are both life felonies. Under Count III, appellant was convicted of burglary while armed with a dangerous weapon, a first-degree felony punishable by life imprisonment. Under Count IV, appellant was convicted of armed robbery, a first-degree felony. Under Count V, appellant was convicted of aggravated assault, a third-degree felony. Under Count VI, appellant was convicted of aggravated battery, a second-degree felony. Before sentencing, the court found appellant to be a habitual felony offender under Section 775.084, Florida Statutes. As to Counts I through IV, the court sentenced appellant to four concurrent life sentences. As to Count V, the court reclassified appellant's aggravated assault conviction from a third-degree felony to a second-degree felony, and sentenced appellant to 15 years' imprisonment. As to Count VI, the court reclassified appellant's aggravated battery conviction from a second-degree felony to a first-degree felony, and sentenced appellant to 30 years' imprisonment. We agree with appellant that the trial court misapprehended the habitual felony offender statute.
Section 775.084, Florida Statutes, makes no provision for enhancing penalties for first-degree felonies punishable by life, life felonies, or capital felonies. See Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990) (habitual violent felony offender statute makes no provision for enhancing sentence of defendant convicted of life felony); Barber v. State, 564 So.2d 1169, 1173 (Fla. 1st DCA 1990) (habitual felony offender statute is not irrational for failure to make any provision for enhancement of first-degree *308 felonies punishable by life, life felonies, or capital felonies). Accordingly, the habitual felony offender statute can have no application to appellant's sentences under Counts I through III.
As to appellant's first-degree felony conviction under Count IV, the trial court correctly sentenced appellant to life imprisonment. § 775.084(4)(a)1, Fla. Stat. However, the judgment must be corrected as to Counts V and VI. The habitual felony offender statute does not reclassify offenses as to their degree; rather, it merely extends the penalties above the maximum otherwise authorized by statute. Here, the trial judge erroneously reclassified appellant's third-degree felony conviction of aggravated assault to a second-degree felony, and his second-degree felony conviction of aggravated battery as a first-degree felony. Moreover, while the sentence imposed for the aggravated battery conviction (30 years) is within that authorized by the habitual offender statute,[1] the sentence imposed for appellant's aggravated assault conviction (15 years) exceeds the ten-year statutory cap set forth in Section 775.084(4)(a)3, Florida Statutes.
We therefore vacate appellant's sentences under Counts I, II, III, V, and VI, and remand this cause for resentencing.
ERVIN, BOOTH and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING OR CERTIFICATION
Appellee seeks rehearing, arguing that the statutory provisions proscribing sexual battery with a deadly weapon, a life felony, and burglary while armed with a dangerous weapon, a first-degree felony punishable by life, permit enhancement of sentences for these offenses under the habitual offender statute. However, this court's recent opinion in Sibley v. State, 586 So.2d 1245 (Fla. 1st DCA 1991), holds that life felonies are not subject to enhancement under the habitual felony offender statute. Further, this court in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (en banc), receded from the rule announced in our original Gholston opinion. Burdick holds that first-degree felonies punishable by life may be enhanced under the habitual felony offender statute. As in Burdick, we certify the following question as one of great public importance:
IS A FIRST-DEGREE FELONY PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE IMPRISONMENT SUBJECT TO AN ENHANCED SENTENCE OF LIFE IMPRISONMENT PURSUANT TO THE PROVISIONS OF THE HABITUAL FELONY OFFENDER STATUTE?
Appellee's motion for rehearing or certification is granted to the extent indicated herein.
BOOTH and BARFIELD, JJ., concur.
ERVIN, J., concurs & dissents with opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority in its certification of the question, and in its holding that life felonies may not be enhanced under the habitual felony offender statute. I otherwise dissent for the same reasons expressed in my dissent in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (en banc).
NOTES
[1] See § 775.084(4)(a)2, Florida Statutes.