CAMPBELL, Judge.
Appellant, Timothy Leaty, appeals his convictions and sentences for one count of burglary with assault and two counts of sexual battery. The public defender representing appellant has filed an Anders brief and appellant has exercised his right to file a pro se brief. Appellant pro se urges only sentencing errors. We find no error in appellant’s three convictions and, therefore, affirm those convictions. We do find error, however, in the sentences imposed on appellant’s two convictions for sexual battery, and reverse those sentences and remand for resentencing as indicated herein.
Appellant was properly found to be an habitual violent felony offender (H.V.F.O.) pursuant to section 775.084, Florida Statutes (1988). Although appellant relies upon Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1990), to argue that the trial judge improperly utilized the H.V.F.O. statute to sentence appellant for the burglary with assault conviction to a life sentence with a fifteen-year minimum mandatory term, burglary with assault is a first degree felony punishable by life (§ 810.02(2), Fla.Stat. (1989)), and this court has held in Lock v. State, 582 So.2d 819 (Fla. 2d DCA 1991), that the H.V.F.O. statute is applicable to a first degree felony punishable by life. We reaffirm Lock and certify our conflict with Gholston.
We reach a different result in regard to appellant’s two convictions for sexual battery for which the trial judge, pursuant to the H.V.F.O. statute, similarly imposed life sentences with fifteen-year minimum mandatory terms, both of which were to run consecutive to each other and to the sentence for burglary with assault. Sexual battery is categorized as a life felony. § 794.011(3), Fla.Stat. (1989). A life felony is not enumerated as a sentence that should be enhanced by a fifteen-year minimum mandatory term in the H.V.F.O. pro *513 vision of section 775.084(4)(b)(l). We have previously held, and again affirm, that a life felony is not subject to enhancement under the H.V.F.O. statute. McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991). See also Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991).
We, therefore, affirm appellant’s conviction and sentence for burglary with assault. We also affirm appellant’s convictions for both counts of sexual battery, but we reverse the sentences imposed therefor and remand for resentencing in accordance with this opinion.
SCHEB, A.C.J., and ALTENBERND, J., concur.