596 So.2d 1258 (1992)
Robert GLOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-882.
District Court of Appeal of Florida, First District.
April 15, 1992.
Rehearing Denied May 20, 1992.
Nancy Daniels, Public Defender, Nancy L. Showalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Appellant Robert Glover takes issue with his habitual offender sentences for 1) conviction of attempted first degree murder with a firearm, a life felony, and 2) conviction of robbery with a firearm, a first degree felony punishable by a term of years not exceeding life imprisonment.
This court has previously held that section 775.084, Florida Statutes, makes no provision for habitual offender enhancement of a life felony. Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990); Gholston v. State, 589 So.2d 307 (Fla. 1991). The Third District, in Lamont v. State, 17 F.L.W. D507, ___ So.2d ___ (Fla. 3d DCA, en banc Feb. 18, 1992), has disagreed. The *1259 Lamont court reasoned that merely because the sentencing provisions of the habitual offender statute, sections 775.084(4)(a) and (b), do not specifically provide for enhanced sentencing where the subject conviction is a life felony, the act as a whole does apply to life felonies, since the habitual offender criteria of section 775.084(1) may apply to any felony conviction, regardless of degree, so long as the offender otherwise meets the criteria set out in the statute. The Lamont court also points to subsection 4(e) of the statute, providing that a habitual felony offender sentence is not subject to the sentencing guidelines, Chapter 921, Florida Statutes, to parole, Chapter 947, Florida Statutes, nor to gain time granted by the Department of Corrections, with the exception of a limited amount of incentive gain time. Nothing in the statute indicates that subsection 4(e) would not apply to a life felon, properly habitualized under section 775.084(1). This argument is not altogether lacking in appeal. We must, however, follow the decisions of this court, and accordingly we vacate Glover's habitual offender sentence for a life felony and remand this portion of the case to the trial court for resentencing.
As to the first degree felony punishable by a term of years not exceeding life imprisonment, the trial court correctly sentenced appellant under the habitual offender statute. Burdick v. State, 594 So.2d 267 (Fla. 1992).
AFFIRMED in part, REVERSED in part, and remanded for partial resentencing.
BARFIELD and ALLEN, JJ., concur.