608 So.2d 83 (1992)
Eduardo TORANZO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1787.
District Court of Appeal of Florida, First District.
October 22, 1992.
Certification Denied November 16, 1992.
Certification Granted November 16, 1992.
*84 Nancy Daniels, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
Certification Denied (1 petition) November 16, 1992.
Certification Granted (1 petition) November 16, 1992.
PER CURIAM.
Appellant, Eduardo Toranzo, appeals his convictions and sentences for armed burglary (a first degree felony punishable by life) and armed sexual battery with a deadly weapon (a life felony). He contends the judge erred in admitting expert testimony regarding statistical data, erred by not sustaining objections to certain comments by the prosecutor during closing argument, and erred in sentencing him as an habitual offender, arguing that first degree felonies punishable by life and life felonies are not subject to enhancement pursuant to section 775.084, Florida Statutes (Supp. 1988). We affirm in part and reverse in part.
An expert witness for the state testified that DNA testing had been conducted and that the DNA profile on evidence from the scene matched that of Toranzo and that the probability of obtaining the same match from another individual from the Hispanic population was approximately one in twenty-four million. The trial court did not abuse its discretion in admitting this evidence. Robinson v. State, 610 So.2d 1288 (Fla. 1992); Martinez v. State, 549 So.2d 694 (Fla. 5th DCA 1989); Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988), review denied, 542 So.2d 1332 (Fla. 1989). We also hold that the trial court correctly concluded that the portions of the prosecutor's closing argument which were objected to were not improper.
Regarding the habitual offender sentences, the supreme court has held that first degree felonies punishable by life are subject to enhancement under the habitual felony offender statute. Burdick v. State, 594 So.2d 267 (Fla. 1992). The trial court correctly sentenced appellant under the habitual offender statute for armed burglary. This court has previously held that section 775.084, Florida Statutes, makes no provision for habitual offender enhancement of a life felony. Glover v. State, 596 So.2d 1258 (Fla. 1st DCA 1992); Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1991), approved 611 So.2d 1224 (Fla. 1992); Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990). We therefore vacate Toranzo's habitual offender sentence for armed sexual battery with a deadly weapon and remand this portion of the case to the trial court for resentencing.
*85 AFFIRMED in part, REVERSED in part, and remanded for partial resentencing.
ERVIN, ZEHMER, and BARFIELD, JJ., concur.