WEBSTER, Judge.
Appellant, an inmate of the state correctional system, seeks review of an order which denied his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking a belated appeal. Because the portions of the record attached to the order do not conclusively show that appellant is not entitled to a belated appeal, we reverse.
It appears that appellant was convicted of attempted first-degree murder with a firearm and robbery with a firearm in either 1990 or 1991, and sentenced to concurrent 40-year terms, as an habitual felony offender. His appeal to this court resulted in affirmance of both convictions, and of the sentence for robbery with a firearm. However, his sentence for attempted first-degree murder -with a firearm, a life felony, was vacated because a life felony was not subject to enhancement pursuant to the habitual fel *1220 ony offender statute, and the case was remanded for resentencing as to that conviction. Glover v. State, 596 So.2d 1258 (Fla. 1st DCA), approved, 610 So.2d 439 (Fla.1992). On remand, it appears that the trial court entered an amended judgment and sentence which merely deleted reference to the habitual felony offender statute as to the sentence for attempted first-degree murder with a firearm. Thus, as amended, the judgment and sentence called for appellant to serve a 40-year habitual felony offender sentence for the robbery with a firearm conviction, and a concurrent 40-year non-habitual felony offender sentence for the attempted first-degree murder with a firearm conviction.
Appellant claims that, following the resen-tencing, he timely requested his attorney to appeal, but that no appeal was taken. In its order, the trial court gave two reasons in support of its denial of relief: that the sentence imposed on remand was consistent with the mandate of this court, and that appellant had failed to show prejudice because there was no issue which might have been appealed following the resentencing.
To comply with this court’s mandate, on remand, it was incumbent upon the trial court to impose a sentence pursuant to the guidelines for the attempted first-degree murder with a firearm conviction. The portions of the record attached to the trial court’s order do not establish that the 40-year sentence imposed on remand was one which was consistent with the guidelines. If it was not, then appellant would have had a valid issue to appeal following resentencing.
Because the portions of the record attached to the trial court’s order do not conclusively show that appellant is not entitled to a belated appeal, we reverse and remand for further proceedings. Should the trial court again determine that denial of appellant’s motion is appropriate without a hearing, it shall attach to its order denying relief those portions of the record which conclusively show that appellant is not entitled to a belated appeal.
REVERSED and REMANDED, with directions.
ALLEN and MICKLE, JJ., concur.