574 So.2d 1187 (1991)
Edward WESTBROOK, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-3017.
District Court of Appeal of Florida, Third District.
February 12, 1991.
Rehearing Denied March 19, 1991.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., for appellee.
*1188 Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
Defendant was convicted of robbery and sentenced to life imprisonment as a habitual offender. He claims error in his sentence. We affirm based on the following analysis.
Defendant's basic premise is that the robbery with a deadly weapon statute, § 812.13(2)(a), Fla. Stat. (1989), which he violated is a first-degree felony punishable by life imprisonment. Thus, he claims, the court erred in sentencing him under the habitual offender statute, § 775.084(4)(a), Fla. Stat. (1989), because that statute does not provide for the enhancement of life felonies. He cites Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990), to support this theory.
We find that neither the applicable statutes nor Barber supports his argument. First, the robbery statute on its face permits sentencing under the habitual offender statute. Even though conviction under section 812.13(2)(a) is a first-degree felony punishable by life imprisonment, the trial judge is required to enter a guidelines sentence. In defendant's case, his guidelines scoresheet total provided for a recommended sentence of twelve to seventeen years, not life imprisonment. The defendant's highest permitted sentence under the guidelines, without the necessity of written reasons for departure, would have been twenty-two years imprisonment with a one-cell upward departure. However, because the robbery statute permits sentencing under the habitual offender statute where applicable, the trial judge, upon finding the defendant recidivist, was permitted to impose the enhanced life sentence.
Secondly, the statement in Barber, 564 So.2d at 1173, concerning the possible nonapplicability of the habitual offender statute to those convicted of a first degree life felony is purely dicta. Moreover, Barber is not controlling here since the habitual offender statute addressed in that case was the 1987 version which was substantially rewritten by the Florida Legislature in 1989 to take penalties prescribed under the habitual offender statute outside the province of the sentencing guidelines and to allow the trial court to impose the penalty of life imprisonment on a defendant by simply making a determination that the defendant fit the statutory definition of a habitual felony offender. See Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990).
Affirmed.