PER CURIAM.
Appellant, Andre Henry, appeals his sen-, tence under the habitual offender statute after being convicted for armed robbery. We affirm.
Appellant contends that although he was subject to habitual offender sentencing based on his prior criminal record, the crime for which he was being sentenced is not covered by section 775.084 Florida Statutes (1989). Appellant argues that section 775.084 does not provide for habitual offender sentencing for first degree felonies punishable by life imprisonment.
Appellee, State, asserts that appellant was properly sentenced as a habitual offender. The State maintains that the habitual offender statute specifically provides for sentencing for the crime of armed robbery in section 812.13(2)(a), Florida Statutes (1989).
Section 812.13(2)(a) provides:
If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083 or s. 775.08f [Emphasis added.]
Appellant was convicted of robbery while carrying a firearm, and sentenced under section 775.084, Florida Statutes (1989).
Section 775.084(4)(a) provides in pertinent part:
The court ... shall sentence the habitual felony offender as follows: 1. In the case of a felony of the first degree, for life.
Appellant was sentenced to life. We find no error. See, e.g., Johnson v. State, 564 So.2d 1174 (Fla. 1st DCA 1990).
Affirmed.