NIMMONS, Judge.
On this direct appeal from his judgment and sentence for second degree murder, the appellant asserts that the trial court erred in sentencing him as an habitual offender under Section 775.084, Florida Statutes (1989). We agree.
Appellant was convicted of second degree murder, a first degree felony which was enhanced pursuant to Section 775.087, Florida Statutes (1989), to a life felony by reason of his use of a firearm. We agree with the appellant’s contention that Section 775.084 does not authorize habitual offender sentencing of a person convicted of a life felony. Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990); compare Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (held that a first degree felony — even one punishable by life imprisonment — is still a first degree felony and subject to habitual offender sentencing; however, the court explicitly recognized the distinction between life felonies and first degree felonies punishable by life); see also Paige v. State, 570 So.2d 1108 (Fla. 5th DCA 1990). Accordingly, the sentence must be reversed.
We have considered the other points raised by appellant and find no other reversible error.
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
SMITH and MINER, JJ., concur.