597 So.2d 832 (1992)
Anthony SESSIONS, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2186.
District Court of Appeal of Florida, Third District.
February 18, 1992.
*833 Bennett H. Brummer, Public Defender and Lydia A. Fernandez, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
After a jury trial, the appellant was convicted of second degree murder with a firearm and possession of a firearm in the commission of the second degree murder. While the only substantive point is frivolous, two other issues require further treatment.
1. On the authority of Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992), the life sentence without parole imposed upon Sessions for the life felony of second degree murder with a firearm is affirmed under section 775.084(4)(e), Florida Statutes (1989) of the habitual offender act. The fifteen year minimum mandatory provision is, however, vacated. See Lamont, 597 So.2d at 829. We make the same certifications of conflict as those contained in the Lamont opinion.
2. The separate judgment and sentence for possession of the firearm are set aside on the authority of Cleveland v. State, 587 So.2d 1145 (Fla. 1991). Accord Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991).
Affirmed in part; reversed in part.
GERSTEN, J., concurs.
HUBBART, Judge (concurring).
I think the trial court erred in sentencing the defendant to life imprisonment without parole [with a fifteen-year mandatory minimum term] as a habitual violent felony offender under Section 775.084, Florida Statutes (1989), for the life felony of second-degree murder with a firearm; this is so because the Habitual Offender Act contains no extended terms of imprisonment for a life felony conviction as here. Accordingly, the sentence under review should be reversed and the cause remanded to the trial court with directions to resentence the defendant under the sentencing guidelines, rather than the Habitual Offender Act. This result reflects the views which I expressed in my dissenting opinion in Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992) (case nos. 89-2917 and 90-1419, opinion filed this date) (en banc) (Hubbart, J., dissenting) and is in accord with decisions of the First, Second, Fourth and Fifth District Courts of Appeal.[1]
Nonetheless, I am obviously bound by the contrary decision of the en banc majority in Lamont, and, therefore, reluctantly concur with the court's decision to affirm the sentence under review, although striking the fifteen-year mandatory minimum provision. I concur with no reservations, however, in the court's decision on the remaining points on appeal as discussed and disposed of in the court's opinion.
NOTES
[1] First District: Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1990); Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla. 1990); Second District: Ledesma v. State, 528 So.2d 470 (Fla. 2d DCA 1988); Fourth District: Walker v. State, 580 So.2d 281 (Fla. 4th DCA), juris. accepted, 589 So.2d 292 (Fla. 1991); Newton v. State, 581 So.2d 212 (Fla. 4th DCA), juris. accepted, 589 So.2d 291, 292 (Fla. 1991); Fifth District: Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990).