ON MOTION FOR REHEARING GRANTED
PER CURIAM.
Defendant, found guilty of all charges under a four count indictment, appeals his conviction for unlawful possession of a firearm while engaged in a criminal offense and his sentence under the habitual offender statute, section 775.084, Florida Statutes (1989). We affirm in part and reverse in part.
Defendant was found guilty of burglary of a structure (Count I); robbery (Count II); attempted robbery (Count III); and unlawful possession of a firearm by a convicted felon (Count IV). Defendant was sentenced pursuant to the habitual violent felony offender enhancement statute, § 775.084(4)(b), Fla.Stat. (1989), to a term of thirty years imprisonment for Counts I and II with fifteen years minimum mandatory, and a term of fifteen years imprisonment for Counts III and IV, both sentences to run concurrently.
Defendant argues that while both the burglary and robbery statutes under which he was convicted are first-degree felonies punishable by life imprisonment, see §§ 810.02(2)(b), 812.13(2)(a), Fla.Stat. (1989), the habitual offender statute does not provide for the enhancement of life felonies. See § 775.084(4)(b), Fla.Stat. (1989). This is incorrect. The supreme court recently determined that first-degree felonies punishable by a term of years not exceeding life imprisonment are subject to enhancement under the habitual offender statute. Burdick v. State, 594 So.2d 267, 271 (Fla.1992); see also, Henry v. State, 576 So.2d 409 (Fla. 3d DCA), dec. approved, 596 So.2d 661 (Fla.1992); Westbrook v. State, 574 So.2d 1187, 1188 (Fla. 3d DCA 1991), dec. approved, 595 So.2d 50 (Fla.1992). In so finding, the court noted that its holding applies equally to subsection (4)(a) and subsection (4)(b) of the statute. Burdick, 594 So.2d at 271 n. 9. Thus, the trial court acted properly in sentencing *25 defendant pursuant to the habitual violent felony offender statute.
However, where defendant’s convictions were enhanced because of the use of a firearm, the single act committed by defendant involving use of the same firearm cannot form the basis for a separate conviction and sentence for use of a firearm while committing a felony. Cleveland v. State, 587 So.2d 1145, 1146 (Fla.1991); Sessions v. State, 597 So.2d 832 (Fla. 3d DCA 1992); Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991). See § 790.07(2), Fla.Stat. (1989). Thus, defendant’s conviction and sentence for the unlawful possession of a firearm while engaged in a criminal offense must be reversed.
Accordingly, affirmed in part, reversed in part.