603 So.2d 676 (1992)
Bennie Lee PEARSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2148.
District Court of Appeal of Florida, Third District.
August 18, 1992.
*677 Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the motion of Bennie Lee Pearson this court's previous opinion is withdrawn and the following opinion is substituted:
The trial court in the instant case adjudicated Bennie Lee Pearson guilty of second-degree murder with a firearm and unlawful possession of a firearm during the commission of a felony. The court found Pearson to be an habitual and violent offender, and imposed a sentence of fifty years in prison with a mandatory minimum of fifteen years without eligibility for parole. We affirm in part and reverse in part and remand for resentencing.
We agree with defendant's argument that because his conviction for second-degree murder with a firearm and his conviction for unlawful possession of a firearm during the commission of a felony arose out of the same act, the doctrine of double jeopardy barred the later conviction. See Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Sessions v. State, 597 So.2d 832 (Fla. 3d DCA 1992); Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991); see also Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988).
Additionally, we conclude no error occurred when the trial judge ordered defendant's sentence enhanced. Based upon *678 our holding in Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992), life felonies are subject to enhancement under the habitual offender statute, section 775.084, Florida Statutes (1989). However, reading the habitual offender statute in pari materia with section 775.082(3)(a), we conclude that once the trial court determined defendant should be sentenced to a term of years, forty years was the maximum term of years permitted under the statute. See Ward v. State, 558 So.2d 166 (Fla. 1st DCA 1990); see also Howe v. State, 596 So.2d 1227 (Fla. 2d DCA 1992). Also, the fifteen-year mandatory minimum cannot be imposed because, as stated in Lamont, subsections 775.084(4)(a) and (b) do not apply to life felonies. Lamont, 597 So.2d at 829.
As to the remaining points raised, first, the trial judge properly denied defendant's motion to suppress his statement. Based upon his co-perpetrator's specific identification of the defendant as a participant in the crimes, the surviving victim's statement to police that he believed two men were involved, and the anonymous tip which had also named the defendant, probable cause existed for all officers' actions and defendant's statement was accordingly admissible. See Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984).
Secondly, the trial judge properly permitted the state to enter a nolle prosequi with respect to a robbery count and proceed on the indictment. Deletion from an indictment of allegations unnecessary to the offense, or the withdrawal from the jury's consideration of one of several offenses initially charged does not constitute a forbidden amendment. United States v. Miller, 471 U.S. 130, 144-45, 105 S.Ct. 1811, 1819-20, 85 L.Ed.2d 99 (1985). Narrowing the theory of misconduct alleged in an indictment by striking surplus counts does not violate a defendant's right to be prosecuted pursuant to an indictment returned by a grand jury. United States v. Bissell, 866 F.2d 1343 (11th Cir.1989); see Huene v. State, 570 So.2d 1031 (Fla. 1st DCA 1990), review denied, 581 So.2d 1308 (Fla. 1991).
Accordingly, we reverse defendant's conviction and vacate the sentence entered for his unlawful possession of a firearm during the commission of a felony. We affirm defendant's conviction for second-degree murder with a firearm but vacate the sentence ordered as to that conviction and remand for resentencing.
BARKDULL and NESBITT, JJ., concur.
HUBBART, Judge (concurring).
I concur in the opinion and judgment of the court, but with certain reservations. I think the trial court erred in sentencing the defendant as a habitual violent felony offender under Section 775.084(1)(b), (4)(b)(1), Florida Statutes (1989), because (1) the defendant was convicted of a life felony, to wit: second-degree murder with a firearm, §§ 782.04(2), 775.087(1)(a), Fla. Stat. (1989); and (2) Section 775.084(4)(a), (b), Florida Statutes (1989) contains no extended term of imprisonment for a life felony conviction; accordingly, the defendant should have been sentenced under the sentencing guidelines. This result reflects the views which I expressed in my dissenting opinion in Lamont v. State, 597 So.2d 823, 830-32 (Fla. 3d DCA 1992) (Hubbart, J., dissenting), and is in accord with the decisions of the First, Second, Fourth and Fifth District Courts of Appeal.[1]
Nonetheless, I am obviously bound by the contrary decision of the en banc majority in Lamont, and therefore reluctantly concur with the court's decision that the trial court did not err in sentencing the defendant as a habitual violent felony offender. Beyond that, I am somewhat puzzled *679 as to what sentence this court concludes may be imposed on the defendant upon remand as a habitual violent offender based on Lamont; it appears, however, to be a term of years not to exceed forty with apparently no provision for a mandatory minimum as originally imposed. 603 So.2d at 678. It should be noted that there is nothing in the enhanced penalty section of the habitual offender act [§ 775.084(4)(a), (b), Fla. Stat. (1989)] which authorizes such a sentence for either a habitual violent felony offender, as here, or even for a habitual felony offender. I recognize, however, that this result is apparently dictated by Lamont and therefore I cannot dissent therefrom  except to express the hope that upon further review the Florida Supreme Court will correct this obvious exercise in judicial legislation.
NOTES
[1] FIRST DISTRICT: Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1991), approved, 17 F.L.W. S554, ___ So.2d ___ (Fla. July 23, 1992); Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla. 1990); SECOND DISTRICT: Ledesma v. State, 528 So.2d 470 (Fla. 2d DCA 1988); FOURTH DISTRICT: Newton v. State, 581 So.2d 212 (Fla. 4th DCA 1991), approved, 594 So.2d 306 (Fla. 1992); Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991), rev. dismissed, 593 So.2d 1049 (Fla. 1992); FIFTH DISTRICT: Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990).