580 So.2d 790 (1991)
Lorenzo SHEFFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-805.
District Court of Appeal of Florida, First District.
April 29, 1991.
On Motion for Rehearing June 26, 1991.
Thomas F. Woods of Gatlin, Woods, Carlson and Cowdery, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
*791 ZEHMER, Judge.
Lorenzo Sheffield appeals his conviction of attempted first degree murder. The judgment of guilt was entered on the jury verdict, and he was sentenced to a term of 20 years' imprisonment, with a 3-year minimum mandatory, followed by 5 years' probation. Sheffield contends that certain statements he had made to his probation officer during a presentence investigation interview were erroneously admitted during trial for impeachment purposes. The state cross-appeals, contending that the trial court erred in declining to sentence Sheffield as a habitual offender after it found that he met the requirements for sentencing as a habitual violent felony offender. Finding no error, we affirm all issues.
On September 21, 1989, the state filed an information charging Sheffield with attempted first degree murder, and his case came on for trial in January 1990. However, in November 1989, prior to trial, appellant's probation officer interviewed him for the purpose of preparing a presentence investigation report in connection with this prosecution and other pending criminal matters involving him. The presentence investigation report states that Sheffield denied shooting the victim as charged in this case, but he admitted that on the evening of the incident, he saw a man shoot the victim three times, jump into the driver's seat of an automobile, and then drive off. After jury selection but before the trial began, Sheffield moved to suppress these statements and prevent the state's use of them during trial, but the court reserved ruling thereon. Before Sheffield took the stand in his own defense, his counsel again moved to suppress these statements on grounds they were involuntary statements. The state argued they could be used as prior inconsistent statements should the defendant perjure himself on the stand. After a prolonged argument on the issue, the court expressed some public policy concerns about "the sanctity, so to speak, of the presentence investigation process as opposed to the trial process" and allowing such use of statements to the probation officer making the presentence investigation, but decided that they "could be used in impeachment" with a "specific instruction to the jury that it cannot be used for the substance of the testimony, but only for an indication that he has given a prior inconsistent story." When Sheffield took the stand in his own defense, he testified that he did not see anyone shoot the victim on the evening of the incident. The trial court then permitted the state to ask Sheffield on cross-examination about the prior inconsistent statements he had made to his probation officer, and Sheffield admitted he had told his probation officer that he saw the shooting and that the shooter went into a dark-colored car after the shooting. The jury was not instructed to consider this testimony for purposes of impeachment only, as no limiting instruction was requested.
Sheffield now argues to us that the trial court erred in admitting the pre-trial statements he made during the presentence investigation interview because he had an expectation of confidentiality during the presentence interview. We find no merit in this argument. Section 921.231(1)(a), Florida Statutes (1989), provides that the presentence investigative report shall include, among other things:
A complete description of the situation surrounding the criminal activity with which the offender has been charged, including a synopsis of the trial transcript, if one has been made, and, at the offender's discretion, his version and explanation of the act.
Section 945.10(1), Florida Statutes (1989), provides:
Except as provided below, information in a presentence investigation report made by the Department of Corrections shall be confidential and shall be available only to officers and employees of the court, the Legislature, the Parole Commission, the Department of Corrections, and public law enforcement agencies in the performance of a public duty or, with written permission of the Department of Corrections, to parties establishing legitimate research purposes.
*792 Those statutes are silent as to the use that can be made of information in the PSI report once it is obtained by an authorized person, and neither statute prevents the use of statements made by an offender to a probation officer during the presentence interview for purposes of impeaching the defendant at trial. Also, section 90.608(1)(a), Florida Statutes (1989), which allows a party to attack the credibility of a witness by introducing statements of the witness that are inconsistent with his testimony at trial, places no limits on the nature of the prior inconsistent statement where the court determines that those statements were voluntarily made or that the evidence would support such a finding. See White v. State, 446 So.2d 1031, 1035 (Fla. 1984) (a prior inconsistent statement may be permitted to impeach a defendant who testifies at trial if, prior to admitting the statement, the court determines it was made voluntarily and represented admissions or declaration that sought to provide a story or explanation for the victim's disappearance, or the evidence supports a finding that the defendant was alert at the time he made the statement and the statement was voluntarily given). Even if such pretrial statements were made in violation of the defendant's constitutional rights, they may nevertheless be used by the prosecution for impeachment purposes. Michigan v. Harvey, 494 U.S. 344, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990).[1] Because the confidentiality provisions in the cited statutes do not expressly and clearly cover the use of Sheffield's statements to his probation officer under the circumstances of this case, we find no error and affirm the trial court's ruling.
However, this holding passes on a serious public policy issue, especially with regard to the sanctity of the pretrial investigation and the need for a defendant's cooperation therewith, so we certify the following question as one of great public importance:
WHETHER SECTION 945.10(1), FLORIDA STATUTES (1989), AND RELATED STATUTES PRECLUDE THE STATE'S USE OF A DEFENDANT'S STATEMENTS MADE FOR PURPOSES OF A PRESENTENCE INVESTIGATION REPORT TO IMPEACH THE DEFENDANT MAKING STATEMENTS INCONSISTENT THEREWITH WHILE TESTIFYING AT TRIAL.
Addressing the state's cross-appeal, the state argues that the trial court erred by declining to sentence Sheffield as a habitual offender after finding that he met the statutory qualifications to be sentenced as a habitual violent felony offender. We disagree with the state's argument.
At the sentencing hearing, the court adjudicated Sheffield guilty of attempted first degree murder in accordance with the jury's verdict, and "found" that Sheffield was a habitual violent felony offender. However, rather than imposing sentence under the habitual offender statute, the court imposed a sentence under the sentencing guidelines to a term of 20 years' imprisonment, with a 3-year minimum, followed by a period of 5 years on probation. In so doing, the court stated:
... I do believe that you are a young enough person that if you choose, there is a part of your life which is left that you can make something with. I am not going to sentence you to life in prison. I feel that there is a possibility that you can do something with your life. However, I think that the seriousness of this offense is such that it does require a substantial period in incarceration.
Section 775.084(4)(c), Florida Statute (Supp. 1988), provides that "[i]f the court decides that the imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section." This section has been construed and applied so that even if the trial court determines that the offender meets the statutory criteria of a habitual felony offender, nevertheless sentencing under section 775.084 as a *793 habitual felony offender is not mandatory since the trial court continues to have the discretion of deciding whether sentencing under that statute is necessary for the protection of the public. See State v. Brown, 530 So.2d 51, 53 (Fla. 1988) ("the legislature never intended section 775.084(4)(a)1 to be mandatory."); Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990) ("It is also clear that the court has the option, under section 775.084(4)(c), Florida Statutes (Supp. 1988), of deciding that sentencing under the statute is not necessary for the protection of the public. Once the court decides, however, to sentence a defendant as an habitual felony offender or habitual violent felony offender, then the court is required to impose sentences in conformity with sections 775.084(4)(a) or 775.084(4)(b)."). See also Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); McNair v. State, 563 So.2d 804 (Fla. 3d DCA 1990).
We further note that the recitations in the order on the state's request for imposition of sentence as a habitual violent felony offender are incorrect in that the order indicates that Sheffield was sentenced as a habitual violent felony offender, contrary to the oral pronouncement at the sentencing hearing. Similarly, the sentencing document likewise incorrectly reflects that Sheffield was sentenced as a violent felony offender. On remand, the court should enter an appropriate order and sentence conforming with the oral pronouncement at the sentencing hearing.
The judgement of conviction is affirmed. The sentence imposed at sentencing hearing is affirmed with directions to correct the incorrect entries in the sentencing documents on remand.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING
The state's motion for rehearing correctly brings to our attention that our opinion has overlooked the fact that Sheffield's maximum sentence under the sentencing guidelines is 17 years, with the result that our holding that the trial court did not sentence Sheffield as a habitual violent felony offender and our affirmance of the 20-year sentence actually imposed are patently inconsistent and not in accord with the applicable law. Accordingly, we grant the motion for rehearing and modify the opinion with directions that upon remand the trial court shall clarify whether or not it intended to sentence Sheffield as a habitual violent felony offender, and shall resentence Sheffield in accordance with the law applicable under that determination.[1a] In all other respects our original opinion stands as written.
NOTES
[1] Even if an involuntary pretrial confession is erroneously admitted in evidence at trial, that error is now subject to the harmless error rule. Arizona v. Fulminante, ___ U.S. ___, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
[1a] We do not consider and thus express no opinion on the legality of imposing a sentence in excess of the 20 year sentence under review.