582 So.2d 107 (1991)
Mark GREENHALGH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01312.
District Court of Appeal of Florida, Second District.
June 28, 1991.
Mark Greenhalgh, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Mark Greenhalgh appeals the summary denial of his motion to correct sentence. We affirm in part and reverse in part.
The sentences under review represent a considerable departure from the sentencing guidelines recommendation. On direct appeal Greenhalgh questioned the sufficiency of the reasons provided in support of this departure. This court affirmed without opinion. Greenhalgh v. State, 529 So.2d 698 (Fla. 2d DCA 1988). The first issue raised in the present motion concerns the trial court's alleged failure to provide those reasons in writing contemporaneously with sentencing. This point is clearly without merit, for the cases which impose this requirement do not apply retroactively. Ree v. State, 565 So.2d 1329 (Fla. 1990).
Greenhalgh also claims that his 99-year sentence for kidnapping exceeds the statutory maximum. This point highlights a statutory anomaly with regard to the punishment of certain serious felony offenses.
Ordinarily kidnapping is a first degree felony "punishable by a term of years not exceeding life." § 787.01(2), Fla. Stat. (1989). However, Greenhalgh alleges that he was charged with and convicted of a life felony because he was armed at the time of the kidnapping. See § 775.087(1)(a), Fla. Stat. (1989). A life felony committed after October 1, 1983, is punishable "by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years." § 775.082(3)(a), Fla. Stat. (1989). In other *108 words, whenever a court sentencing a life felony opts for a term of years in lieu of a life sentence, that court is limited to a sentence no harsher than forty years. Blackshear v. State, 480 So.2d 207 (Fla. 1st DCA 1985).
Ironically, no such limitation is posed with respect to first degree felonies punishable by life. Dunn v. State, 522 So.2d 41 (Fla. 5th DCA 1988). It has been held elsewhere that 300 years is less than "life." Powlowski v. State, 467 So.2d 334 (Fla. 5th DCA 1985). A fortiori, Greenhalgh's 99 years would be a lawful sentence if his kidnapping charge was not enhanced by his possession of a weapon.
The trial court's order does not address the merits of this particular claim. Instead, the court found that this issue could have been litigated on plenary appeal and was therefore waived. However, a sentence that exceeds the maximum allowed by statute is fundamental error which can be raised at any time. Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983). We are therefore compelled to reverse for further proceedings regarding this one issue. After remand the trial court should determine, by examining the charging instrument or jury verdict forms, whether the kidnapping charge was enhanced to a life felony because of the use of a weapon. If not, the sentence as it now exists is lawful and need not be corrected. Any order to this affect should be accompanied by the appropriate attachments from the record. If, on the other hand, Greenhalgh was charged with and convicted of a life felony, he must be resentenced.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and CAMPBELL and LEHAN, JJ., concur.