589 So.2d 1014 (1991)
Gregory Bernard WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00295.
District Court of Appeal of Florida, Second District.
November 20, 1991.
*1015 James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant pleaded guilty to second-degree murder with a firearm, a life felony. He was sentenced to forty years' incarceration, with a three-year minimum mandatory sentence for the use of a firearm. He was also treated as a habitual violent felony offender, effectively resulting in a fifteen-year minimum mandatory sentence. See § 775.084(4)(b)1, Fla. Stat. (1989).
After untangling a procedural morass stemming from a motion for postconviction relief, a belated appeal, and an affirmance of a prior appeal, none of which affects the result in this case, it is apparent that the defendant's guilty plea was followed by an illegal sentence. Because his second-degree murder conviction was reclassified to a life felony pursuant to section 775.087(1)(a), Florida Statutes (1989), for the use of a firearm, the trial court could not sentence defendant as a habitual violent felony offender pursuant to section 775.084(4)(b). McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991).
Accordingly, we reverse defendant's sentence and remand for resentencing.
SCHEB, A.C.J., and DANAHY and FRANK, JJ., concur.