PER CURIAM.
We affirm the appellant’s conviction for murder in the second degree with a weapon, but we reverse his habitual felony offender sentence.
The appellant presents five issues on- this appeal, three of which relate to the sufficiency of the evidence against him and alleged trial errors. We find no merit in those issues. However, we do find merit in the other issues, which concern the appellant’s sentence.
First, the appellant argues that since his offense was enhanced to a life felony under section 775.087(l)(a), Florida Statutes (1991), the trial court could not sentence him as a habitual felony offender. He is correct. See White v. State, 589 So.2d 1014 (Fla. 2d DCA 1991); McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991).
Second, the appellant argues that he was not given proper credit for 376 days of jail time from his arrest on April 29, 1990, to his sentence on May 8, 1991. He was credited with eleven days of jail time, which the appellant suggests is an error caused by computing the jail time from April 28, 1991, rather than April 28, 1990. Because we are reversing the appellant’s habitual offender sentence, the trial court in resentencing the appellant should revisit the question of proper credit for jail time.
We reverse the appellant’s sentence and remand for resentencing pursuant to the sentencing guidelines.
Sentence reversed and remanded for re-sentencing.
LEHAN, C.J., and DANAHY and THREADGILL, JJ., concur.