SHIVERS, Judge.
This appeal is from a resentencing following our ruling in Sheffield v. State, 580 So.2d 790 (Fla. 1st DCA 1991). We again reverse and remand for resentencing.
Sheffield was convicted of attempted first degree murder, which was reclassified as a life felony for use of a firearm. He was sentenced to twenty years’ imprisonment with a three year minimum mandatory, followed by five years’ probation. He appealed to this court and argued that statements made to his probation officer during a presentence investigation interview were improperly admitted for impeachment purposes. He told the probation officer he saw another man shoot the victim, but he testified at trial he did not see the shooting. This court held the statements made to the probation officer were admissible during trial for impeachment purposes. Sheffield v. State, 580 So.2d 790 (Fla. 1st DCA 1991).
State cross-appealed in Sheffield and argued that the trial court erred by not sentencing Sheffield as a habitual offender after finding he met the statutory criteria. Initially this court ruled that even if the trial court found Sheffield met the criteria for a habitual violent felony offender, it could decline to sentence Sheffield as such; the sentence was affirmed. On motion for rehearing the panel determined that the twenty year sentence was in excess of the maximum under the sentencing guidelines. Accordingly, the case was remanded with directions that “the trial court shall clarify whether or not it intended to sentence Sheffield as a habitual violent felony offender, and shall resentence Sheffield in accordance with the law applicable under that determination.” Id. at 793.
On remand defense counsel and State were in agreement that if the trial court determines that Sheffield is a habitual violent felony offender, the trial judge must impose a life sentence with a fifteen year minimum mandatory. The trial judge stated
my intent and my determination at the time, was that because of Mr. Sheffield’s prior record, that he qualified as a habitual violent felony offender, and I do not change that feeling at this time [and] the findings that I made at the prior sentencing that he be sentenced as a habitual violent felony offender was exactly where I was, and I do not see any reason, at this time, to change that determination.
The trial judge therefore sentenced Sheffield to life imprisonment with a fifteen year minimum mandatory. Sheffield now appeals the resentencing.
Sheffield again argues that his statements to the probation officer during the presentence investigation should not have been admitted. We ruled on this issue in Sheffield, and that ruling is now the *1325 law of the case. See Brunner Enterprises v. Department of Revenue, 452 So.2d 550 (Fla.1984).
We reverse the resentencing of Sheffield as a habitual offender. Although this court remanded in Sheffield for the trial court to clarify whether it intended to habitualize Sheffield, “there is no provision under the habitual violent felony offender statute for enhancing the sentence of a defendant convicted of a life felony.” Johnson v. State, 568 So.2d 519, 520 (Fla. 1st DCA 1990); accord, Graham v. State, 583 So.2d 1107 (Fla. 1st DCA 1991); White v. State, 589 So.2d 1014 (Fla. 2d DCA 1991); Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991); Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990); contra, Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992) (certifying conflict with the other four district courts of appeal). Therefore, because Sheffield was convicted of a life felony, he must be resentenced outside the habitual felony offender statute; State concedes the point.
State argues the original twenty year sentence should be upheld by this court. Although this court remanded in Sheffield because it found on rehearing that the twenty year sentence was outside the seventeen year guidelines range, twenty years’ imprisonment is in fact a permissible sentence. Sheffield’s scoresheet to-talled 206 points. According to Florida Rule of Criminal Procedure 3.988(a) — the category 1 scoresheet — the recommended range is twelve to seventeen years, but the permitted range is seven to twenty-two years. “The permitted ranges allow the sentencing judge additional discretion ... without the requirement of finding reasonable justification to do so and without the requirement of a written explanation.” Fla.R.Crim.P. 3.701(d)(8). Therefore, the original twenty year sentence was not a guideline departure.
REVERSED and REMANDED.
ZEHMER and KAHN, JJ., concur.