PER CURIAM.
James Patterson appeals the summary denial of his motion to correct sentence. We affirm in part and reverse in part.
Of the several grounds raised in the motion, only one requires further consideration by the circuit court. The remaining issues raised in the motion are without merit and the circuit court properly denied relief as to those.
Patterson contends that he is serving a 50-year sentence for second degree murder with a firearm, that is, a sentence exceeding the statutory maximum. Documents contained in the record appear to confirm the claim. If use of a firearm was alleged in the charging instrument and was proven at trial, Patterson’s offense constitutes a life felony. See § 775.087(l)(a), Fla.Stat. (1993); State v. Whitehead, 472 So.2d 730 (Fla.1985); White v. State, 589 So.2d 1014 (Fla. 2d DCA 1991). Accordingly, since the sentencing court opted to impose a term of years rather than a life sentence, it was limited to forty years. § 775.082(3)(a), Fla.Stat. (1993); Greenhalgh v. State, 582 So.2d 107 (Fla. 2d DCA 1991).[1]
Affcer remand the trial court may again deny the motion if the files and records in this case demonstrate that Patterson was not charged with or convicted of a life felony. However, if Patterson is correct about his sentence, he is entitled to have it corrected. If the court finds that Patterson was convicted of and sentenced for a life felony, it should also delete any reference to the habitual offender statute. Lamont v. State, 610 So.2d 435 (Fla.1992).
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and HALL and BLUE, JJ., concur.

. The instant case points out the same "statutory anomaly” that existed in Greenhalgh, where the offense was armed kidnapping. Both kidnapping and second degree murder are felonies of • the first degree, ordinarily limited to a thirty-year maximum sentence. 775.082(3)(b), Fla.Stat. (1993). However, the legislature may specifically provide that a first degree felony is punishable by "a term of years not exceeding life imprisonment”; Id.; and has in fact done so with regard to murder and kidnapping. 782.04(2), 787.01(2), Fla.Stat. (1993). No limit is placed on the number of years that may be imposed for such crimes, unlike life felonies. Thus, had the firearm provision not been included in Patterson's charge and conviction, the 50-year sentence would not be unlawful.