638 So.2d 1061 (1994)
Mark CAYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1134.
District Court of Appeal of Florida, Fourth District.
July 6, 1994.
*1062 Mark Cayson, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We reverse Appellant's sentence and remand for resentencing. It was error to deny Appellant's motion to correct a sentence exceeding the maximum 40-year term of years allowed by law.
Appellant, facing a first degree murder charge, pled guilty to second degree murder with a firearm, a life felony. Under the plea agreement with the state, a second count was dropped. The court accepted the agreed plea, sentencing Appellant to 88 years in prison.
Second degree murder with a firearm is a life felony. See §§ 775.087(1) (1992); 775.082(3)(a) (1992). As such, the only valid sentences are life in prison or imprisonment for a term not exceeding 40 years. E.g. Wright v. State, 600 So.2d 11 (Fla. 4th DCA 1992); Salas v. State, 589 So.2d 343 (Fla. 4th DCA 1991).
This court has recognized a sentence in excess of the maximum term allowed by law, will not be enforced notwithstanding a plea stipulation. See Reed v. State, 616 So.2d 592 (Fla. 4th DCA 1993); Purvis v. Lindsey ex rel. State, 587 So.2d 638 (Fla. 4th DCA 1991).
The state notes, and seeks relief from, a previously recognized anomaly in the statutory sentencing scheme that permits prison sentence to a longer term of years for a first degree felony than for conviction of the same offense enhanced to a life felony. See Salas; Patterson v. State, 633 So.2d 573 (Fla. 2d DCA 1994); Greenhalgh v. State, 582 So.2d 107 (Fla. 2d DCA 1991). However, given the clear wording of the statute, we decline the state's invitation to recede from Salas, leaving the resolution of this dilemma to the legislature.
On resentencing, the state should be given the option of proceeding to trial on the original charges or agreeing to a sentence, with the trial court's concurrence, within the 40-year statutory maximum. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
We recognize that in similar instances in the past we have remanded with instructions that the court impose the maximum allowable term of imprisonment, 40 years. See Wright. In other instances, we have been silent with respect to the resentencing options. See Salas. We do not construe the remand instructions in Wright as a holding that no other resentencing options are available.
ANSTEAD and HERSEY, JJ., concur.