ON MOTION FOR REHEARING OR CLARIFICATION

PER CURIAM.
This is an appeal from the trial court’s order denying appellant’s rule 3.800 mo *84 tion to correct an illegal sentence. We affirm, as his sentence is not illegal.
In 1989, Bell was charged with first degree murder with a firearm, armed robbery, and an unidentified third charge. He pled guilty to reduced charges of second degree murder and robbery. In exchange for this plea, the state nol prossed the third charge and disregarded Bell’s use of a firearm while engaged in the offenses. Notwithstanding Bell’s sentencing guidelines range of 12-17 years, he stipulated to a 40 year sentence for the second degree murder conviction. The trial court sentenced him accordingly.
Bell argues that this sentence is illegal. He recognizes his plea, but presents authority holding that a defendant cannot plea to an illegal sentence. See Cheney v. State, 640 So.2d 103, 104 (Fla. 4th DCA 1994). As previously noted, Bell was convicted of second degree murder and agreed to a 40 year sentence. Pursuant to section 782.04(2), Florida Statutes (1999), second degree murder is a first degree felony punishable by imprisonment for a term of years not exceeding life or as provided by section 775.082 which provides for a 30 year maximum unless a statute specifically provides life. We affirm on the basis of Mills v. State, 642 So.2d 15 (Fla. 4th DCA 1994).
In Mills v. State, 642 So.2d 15, 17-18 (Fla. 4th DCA 1994)(en banc), this court held that a 50 year sentence for second degree murder was proper because section 784.04(2) authorizes a sentence not to exceed life. This court reasoned that a term of imprisonment does not exceed life. See id. at 17; see also Hewitt v. State, 689 So.2d 449, 449 (Fla. 4th DCA 1997); Robinson v. State, 642 So.2d 644, 645 (Fla. 4th DCA 1994).
Bell argues that Wilson v. State, 669 So.2d 1071 (Fla. 4th DCA 1996), is in conflict with Mills and supports his position that his sentence is illegal. However, we conclude that the two cases are distinguishable. In Wilson this court was analyzing whether the sentence of 55 years in prison as agreed to by the defendant was illegal. See 669 So.2d at 1072. There the defendant was being sentenced for second degree murder with a firearm. This crime was a life felony. See § 775.087, Fla. Stat. (1995).
At the time, the maximum sentence for a life felony committed on or after October 1, 1983, was a term of imprisonment for life or a term of imprisonment not exceeding 40 years. See § 775.082(3)(a)2., Fla. Stat. (1995). This court in Wilson held that the sentence for the life felony had to be life or a term not more than 40 years. As such, the 55 year sentence was “illegal.”[1]
On the other hand, in Mills we analyzed the legality of a 50 year sentence for second degree murder, without mention of a firearm. See 642 So.2d at 15. Without the firearm, second degree murder is a first degree felony (as opposed to the life felony at issue in Wilson) and is punished by a term of years not exceeding life imprisonment. A term of 50 years does not exceed life in prison. Therefore, Mills and Wilson are distinguishable based upon the different sentencing statutes involved in those cases.
Based upon the foregoing, we affirm the trial court’s denial of the motion.
WARNER, C.J., POLEN and HAZOURI, JJ., concur.

. Section 775.082 now provides that for a life felony committed on or after July 1, 1995, the sentence may be a term of imprisonment for life or imprisonment for a term of years not exceeding life imprisonment.