PER CURIAM.
Appellant, Thomas E. Williams, pled guilty to second degree murder in case 88-8347 and was sentenced to 45 years in prison as a habitual violent felony offender.
Appellant filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he argued that his sentence for second degree murder was illegal because the offense was a life felony, for which the maximum sentence is life or a term of years not exceeding 40. He also argued that his habitual felony offender sentence for second degree murder was illegal because the offense was a life felony, for which habitual violent felony offender sentencing is not permitted.
The trial court properly rejected both of these collateral sentencing challenges based on the state’s response. While the record shows that appellant’s judgment of conviction recorded his second degree murder as a life felony, this appears to have been a scrivener’s error, since the judgment itself cited section 782.04(2), Florida Statutes (1987), which provides for second degree murder as a felony of the first degree, punishable by prison for life or as provided for in sections 775.082, 775.083 or 775.084. Further, the sentence for this offense reflected that no firearm mandatory minimum term was imposed. This refutes appellant’s claim that he was convicted of second degree murder with a firearm. Thus, appellant’s violent felony offender designation and 45 year sentence *1160 were legal. See Bell v. State, 765 So.2d 83 (Fla. 4th DCA 2000).
AFFIRMED.
STONE, WARNER and TAYLOR, JJ., concur.