WARNER, J.
We affirm the order of revocation of probation against appellant’s attacks on the trial court’s jurisdiction. Appellant’s claims have either been previously litigated or were not raised during the trial court proceedings.
In a prior appeal, we considered appellant’s challenge to the trial court’s jurisdiction in which he claimed he was never on probation for . his crimes. Otero v. State, 793 So.2d 1115 (Fla. 4th DCA 2001). We reversed and remanded to allow the state to produce an order placing appellant on probation. In the subsequent proceeding, the state found and presented the order of probation, and the trial court denied the motion to correct the sentence. We per curiam affirmed that order. Otero v. State, 857 So.2d 891 (Fla. 4th DCA 2003). During the pendency of that appeal, the trial court conducted a hearing on the state’s affidavit of violation of probation. The court revoked appellant’s probation, and he appeals.
In this appeal, appellant again challenges the original order of probation on the same ground he raised in the prior appeal, even though this ground was not raised as an issue in his revocation proceeding. Appellant cannot relitigate issues decided previously. See Vaughan v. State, 765 So.2d 56, 56 (Fla. 4th DCA 2000) (“The law of the case doctrine applies when the defendant seeks to litigate a specific issue decided on the merits in an earlier post conviction proceeding regarding the legality of the sentence.”); Sheffield v. State, 605 So.2d 1323, 1324-25 (Fla. 1st DCA 1992) (finding ruling in prior appeal was law of the case precluding consideration of the same issue in subsequent appeal).
Appellant raises a new claim on appeal that the original order of probation violates Villery v. Florida Parole & Probastion Commission, 396 So.2d 1107 (Fla. *1086 1980). This claim was also not raised in the trial court. In any event, Villery is inapplicable under the facts of this case. See Tobin v. State, 401 So.2d 938 (Fla. 1st DCA 1981); cf. Knight v. State, 522 So.2d 1076 (Fla. 4th DCA 1988).
Finally, appellant claims that the court was without jurisdiction to proceed on the revocation because of the pending appeal on his Florida Rule of Criminal Procedure 3.800 motion. We disagree. The issues before the trial court during the revocation proceeding consisted' only of the facts of the probation violation. The court’s resolution of the revocation issues would not interfere with our jurisdiction to determine the issues in the prior appeal. See Lindsay v. State, 842 So.2d 1057, 1059 (Fla. 4th DCA 2003).
Affirmed.
GUNTHER and HAZOURI, JJ., concur.