NORTHCUTT, Judge.
The circuit court revoked Vincent White’s probationary terms in three separate cases based on a new law violation in yet another case. White had been convicted of many crimes in each of the cases for which he was serving probation, and he had many charges in the new case as well. This confusing array of charges led to two sentencing errors.
First, the court sentenced White to a term of imprisonment on a violation of probation when he had already completed his sentence for the crime. In 2006, White was sentenced to three years’ imprisonment on a charge of grand theft, to be followed by three years’ probation for the crime of burglary of a conveyance. At the time of the new law violation, he had finished serving his sentence for the theft and was on probation for the burglary. But the circuit court inadvertently imposed a term of imprisonment for violation of probation on the grand theft charge. This resulted in a double jeopardy violation. See Lippman v. State, 638 So.2d 1061 (Fla.1994) (stating that multiple punishments for the same offense violated double jeopardy).
Second, the court orally pronounced a sentence of time served for the newly charged misdemeanor of resisting an officer without violence, a first-degree misdemeanor. See § 848.02, Fla. Stat. (2010). But the written sentencing documents impose a term of 30.076 months’ imprisonment, the term White had agreed to in his plea agreement to resolve the felonies charged in that case. The written sentence does not comport with the court’s oral pronouncement, and it exceeds the legal sentence for a first-degree misdemeanor. See § 775.082(4)(a), Fla. Stat. (2010).
We reverse the sentences for these two crimes and remand for the court to correct the written sentencing documents. White need not be present for resentencing. The court did not err in imposing any of the other sentences for White’s violations of probation and his new offenses.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ„ Concur.