Warner, J.,
dissenting.
Because appellant’s sentence is illegal, and he is not serving any concurrent legal sentence of the same length, I conclude that despite the fact that this is a successive claim, he is entitled to relief from an illegal sentence. We ourselves have, in an en banc opinion, addressed and corrected an illegal sentence, despite the fact it was a second successive motion. See Wilson v. State, 669 So.2d 1071, 1072 (Fla. 4th DCA 1996).
In State v. McBride, 848 So.2d 287 (Fla. 2003), our supreme court explained that Florida Rule of Criminal Procedure 3.800(a), which allows for the correction of an illegal sentence at any time, “is intended to balance the need for finality of convictions and sentences with the goal of ensuring that criminal defendants do not serve sentences imposed contrary to the requirements of law.” Id. at 289 (emphasis added) (quoting Carter v. State, 786 So.2d 1173, 1176 (Fla. 2001)). McBride noted that “[a] sentence is illegal if it imposes ‘a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.’” Id. (quoting Carter, 786 So.2d at 1178).
The majority concludes, and I agree, that the sentence of thirty years for a felony for which the statutory maximum punishment is fifteen years, and the lowest permissible sentence under the criminal punishment code is twenty-two years, is illegal.[1] Thus, the thirty year sentence is a sentence that no judge could impose under the body of sentencing law. Although appellant entered into a negotiated sentence cap, a defendant cannot agree to an illegal sentence, even under a plea agreement. Williams v. State, 500 So.2d 501, 502 (Fla. 1986), receded from on other grounds, Quarterman v. State, 527 So.2d 1380 (Fla. 1988); see also Ferguson v. State, 804 So.2d 411, 412 (Fla. 4th DCA 2001). Appellant did not agree to a thirty year sentence for a single count.
Where a sentence is illegal and no legal sentence has been imposed, the court must impose a legal sentence. In McBride, the Florida Supreme Court held that “collateral estoppel will not be invoked to bar relief where its application would result in a manifest injustice.” McBride, 848 So.2d at 292. The court found that even though one of McBride’s sentences was illegal, as he was serving a concurrent sentence of the same length, “applying collateral estoppel to his successive motion will not result in a manifest injustice.” Id. The converse of that pronouncement is that where a defendant is not serving a concurrent sentence of the same length, then a manifest injustice has occurred in the illegal sentence. The mere possibility that the trial court could have imposed a legal sentence does not cure the error in failing to correct an illegal one. See, e.g., Cooper v. State, 960 So.2d 849, 851 (Fla. 1st DCA 2007). This is consistent with the rule 3.800(a) require *742 ment that a motion to correct an illegal sentence may be brought at any time. It is also consistent with the First District’s pronouncement that “[a] manifest injustice occurs when a defendant’s sentence exceeds the statutory maximum.” Eason v. State, 932 So.2d 465, 467 (Fla. 1st DCA 2006).
The need for finality should not outweigh the substantive due process concerns that a defendant is being sentenced not based upon the law, but upon a mistake. Judges have tremendous discretion in sentencing. When they exceed the statutory bounds of that discretion, a sentence should be corrected, even if that simply means restructuring the sentence to fall within statutory bounds. Otherwise, we are not adhering to the rule of law.
On this record, the sentencing judge firmly stated that he would sentence appellant to thirty years in prison. Thus, a reversal for a resentencing could be as simple as a remand for restructuring; nevertheless, an illegal sentence should be made legal to prevent a manifest injustice and to preserve the integrity of judicial sentencing practices.
Gross and Taylor, JJ., concur.

. Judge Conner and I have presented different opinions as to how the lowest permissible sentence should be calculated where there are multiple counts at sentencing. See Dennard v. State, 157 So.3d 1055, 1057, 1061 (Fla. 4th DCA 2014) (Conner, J., concurring; Warner, J,, dissenting).